IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-01673-RPM

GRACE CHURCH OF THE ROARING FORK VALLEY,
a Colorado Non-Profit Corporation,
TERRY MANER, and
E. WAYNE STARR, as members of the Church
and participants therein,

        Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF PITKIN, PITKIN COUNTY, STATE OF COLORADO;
DOROTHEA FARRIS;
JACK HATFIELD;
PATTI KAY-CLAPPER;
MICK IRELAND;
MICHAEL OWLEY,
individually and in their official capacity;
PLANNING AND ZONING COMMISSION OF THE TOWN OF BASALT, BASALT, STATE OF COLORADO,

        Defendants.

---

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

---

On February 2, 2007, the plaintiffs filed an Amended Motion for Partial Summary Judgment, seeking judgment against the defendants on the issue of violation of the Religious Land Use and Institutionalized Persons Act of 2002, 42 U.S.C. § § 2000cc(b)(1), (2) and (3) ("RLUIPA") and for an order directing Pitkin County to approve the Special Review Use Application of the Grace Church of the Roaring Fork Valley.  (Doc. 73).  The defendant Planning and Zoning Commission of the Town of Basalt filed its opposition on February 9, 2007, (Doc. 75) and filed its own motion for

summary judgment of dismissal on the same date (Doc. 76).  The Board of County Commissioners of Pitkin County filed a motion to defer their response or for denial of the plaintiffs' motion for a partial summary judgment on February 16, 2007.

The Planning and Zoning Commission of the Town of Basalt asserts that it is not a suable entity and has no existence other than as an agency of the Town of Basalt.  It is clear from the amended complaint filed on February 23, 2006, that the Town of Basalt is a defendant in this action.  The caption of the case has been confusing but paragraph 3 of the amended complaint specifically alleges that the action is brought against the Town of Basalt through the Planning and Zoning Commission.  Liability in the case, if any, will be that of the municipality of the Town of Basalt since its Planning and Zoning Commission acts on behalf of the municipal corporation.

The Basalt defendant asserts that it can have no liability for the denial of the Special Use Permit by Pitkin County because the land in question is outside the limits of the municipality and it only made a recommendation to the Pitkin County Board of County Commissioners.  The Town of Basalt and Pitkin County are parties to an Intergovernmental Agreement Regarding Referral of Land Use Development Applications and Joint Planning Activities, dated December 5, 2002.  That Agreement is within the authority granted by the State of Colorado in C.R.S. § 29-20-105.  The Church's application was referred to the Basalt Planning and Zoning Commission pursuant to the terms of that Agreement and it conducted a formal review including public hearings before making the recommendation for denial.  The Pitkin County denial in Resolution No. 076-2005 referred to Basalt's recommendation as well as

inconsistency with the Down Valley Comprehensive Plan.  There is no basis for this Court to determine under the standards of Fed. R. Civ. P. 56 that Pitkin County's action was independent of the Town of Basalt's participation in consideration of the Special Use Permit Application.

Also under Rule 56, the plaintiff's motion for summary judgment of liability and granting relief for a violation of RLUIPA must be denied.  There are factual elements to that claim that are in dispute as to all aspects of the plaintiffs' claims of substantial burden, discrimination and exclusion.  *Grace United Methodist Church v. City of Cheyenne,* 451 F.3rd 643 (10th Cir. 2006).

It is clear from a review of the papers filed on these motions that the adjudication of the merits of the claims at issue in this case will require trial.  It is

ORDERED that the motions for summary judgment filed by the plaintiffs and the Town of Basalt Planning and Zoning Commission are denied.

DATED: June 15th, 2007.

                                        BY THE COURT:

                                        s/Richard P. Matsch

                                        _____

.                                       Richard P. Matsch, Senior District Judge