# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01673-RPM-CBS

GRACE CHURCH OF ROARING FORK VALLEY, a
Colorado non-profit corporation;

TERRY MANER and E. WAYNE STARR, as members of
the church and participants herein,

    Plaintiffs,

v.

PITKIN COUNTY, STATE OF COLORADO; *et al.*,

    Defendants.

---

**ORDER REGARDING INTERIM SETTLEMENT OF PLAINTIFFS' CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

This matter comes before the Court following the Status Conference of October 14, 2008 and the submission of a Settlement Agreement and Release between Plaintiffs and all Defendants, except for the Town of Basalt. The Court having reviewed the Settlement Agreement and the signatories' to that Agreement request that the Settlement Agreement become an order of this Court, hereby rules as follows:

    1.    Plaintiffs filed their "Complaint for Preliminary and Permanent Injunction;. . .," on August 29, 2005, asserting claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc, *et seq.*, and under 42 U.S.C. §1983, for violations of their constitutional rights. Specifically, Plaintiffs assert in the Complaint and an Amended Complaint that Pitkin County's denial of Plaintiff Grace Church of the Roaring Fork Valley's ("Grace Church") Special Review Use application

to construct a church worship building and related amenities on property owned by Grace Church in Pitkin County constitutes a substantial burden on the Plaintiffs' religious exercise, in contravention of RLUIPA, 42 U.S.C. §2000cc(a)(1), and violates all three of RLUIPA's anti-discrimination and exclusion provisions, found at 42 U.S.C. §2000cc(b)(1), (2) and (3). Plaintiffs further claim that Pitkin County's denial of their Special Review Use application has deprived Plaintiffs of their First Amendment rights to free exercise of religion and freedom of assembly, and their Fourteenth Amendment due process and equal protection rights.

2. Plaintiffs requested injunctive, declaratory, and monetary relief in conjunction with their RLUIPA and constitutional claims. Plaintiffs also seek attorney's fees under 42 U.S.C. §1988(b).

3. On January 8, 2008, the Plaintiffs and the Pitkin County defendants reached a settlement of Plaintiffs' RLUIPA and §1983 claims for injunctive and declaratory relief, only. Pursuant to RLUIPA's safe harbor provision, 42 U.S.C. §2000cc-3(e), the County approved Grace Church's Special Review Use application to construct a worship facility and related amenities on the Church's property. *See* Pitkin CountyBOCC Resolution No. 005-2008 (Doc. Nos. 124, 125). As part of the interim settlement agreement, Grace Church agreed to convey a one-acre parcel of land to the County to be used for public purposes. *Id.* The Church also granted the County a covenant restricting the Church's property to the improvements described in the settlement agreement. *Id.* The interim settlement agreement was entered by this Court on January 11, 2008 and the Court vacated the trial set for January 14, 2008 on the injunctive declaratory relief claims of Plaintiffs. *Id.*

4. A Settlement and Release dated June 3, 2008 has been executed by Grace Church and Pitkin County and been provided to the Court in Plaintiff's Status Report dated August 21, 2008. Plaintiff also provided an Updated Status Report to this Court on September 23, 2008 attaching the Honorable Pitkin County District Court Judge Lynch's Order, dismissing a C.R.C.P. 106 action to the County's reconsideration and approval of the Church's land use permit.

5. The Court will accept jurisdiction over enforcement of the Settlement and Releases referenced in paragraphs 3 and 4 above, due to the ongoing nature of this case and the interrelationship between the damage claims and the non-monetary claims consistent with the terms of the Settlement and Releases.

6. Dismissal of those portions of Plaintiffs' claims seeking equitable relief is appropriate at this time because the terms of the settlement agreements referenced in paragraph 4 above resolving the Plaintiffs' RLUIPA and constitutional claims for injunctive and declaratory relief, only have been satisfied. Therefore, the Court dismisses Plaintiffs' First Claim for Relief (Preliminary and Permanent Injunction), Twelfth Claim for Relief (DeclaratoryRelief), and all other requests for injunctive and declaratory relief, with prejudice.

7. Plaintiffs' claims for monetary relief and further attorney's fees remain pending as to all remaining claims asserted in the Amended Complaint.

Respectfully submitted this 28th day of October, 2008.

___s/ Robert A. Lees
_____ Robert A. Lees
ROBERT A. LEES & ASSOCIATES
5290 DTC Parkway, Suite 150

Greenwood Village, CO 80111 Phone: 303-292-1020; Fax: 303-379-4735
***Attorneys for Plaintiffs***
___s/ Thomas Smith_____

AUSTIN, PEIRCE & SMITH, P.C.
600 E. Hopkins Avenue #205 Aspen,
Colorado 81611 Phone:
970-925-2600; fax: 970-925-4720
*Attorneys for Defendant Planning Zoning Commission, Town of Basalt, Colorado*

s/ Josh A. Marks_____
Josh A. Marks  Berg, Hill, Greenleaf & Ruscitti, LLP  1712 Pearl Street Boulder, CO 80302 Phone: 303-402-1600; Fax: 303-402-1601 *Attorneys for Pitkin County Defendants*

APPROVED AND ENTERED THIS 30th day of October, 2008.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge