# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01673-RPM-CBS

GRACE CHURCH OF ROARING FORK VALLEY,
a Colorado Non-Profit Corporation,
TERRY MANER, and
E. WAYNE STARR, as members of the Church
and participants herein,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF PITKIN
COUNTY, STATE OF COLORADO;
DOROTHEA FARRIS;
JACK HATFIELD;
PATTI KAY-CLAPPER;
MICK IRELAND;
MICHAEL OWLEY,
Individually and in their official capacity;
PLANNING AND ZONING COMMISSION OF THE TOWN OF
BASALT, BASALT, STATE OF COLORADO,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

      The parties have stipulated and agreed that the following Protective Order shall govern the treatment of Confidential Information (as defined in paragraph 2), and the Court HEREBY ORDERS as follows:

      1.    In this action, the Pitkin County Defendants have sought and/or are seeking Confidential Information (as defined in paragraph 2 below). The Parties anticipate that there may be questioning concerning Confidential Information in the course of depositions. The Plaintiffs assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more non-parties or the non-parties' business or privacy interests. The Parties have entered

into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as stated in this Protective Order.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy – not previously made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential and sensitive business or personal information or trade secrets, including information about non-parties personal and/or business and financial affairs, income, profit, loss, balance sheets, cash flow, sources and uses of cash, or other non-public financial data, personal information about an individual non-party specifically including: Social Security numbers, banking documentation, tax returns, personal financial information, and credit information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony will be subject to the following restrictions:

    a. It will be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It will not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation and for expert review and claim evaluation purposes. This Stipulation encompasses any and all banking records and financial information including any donor information.

  5. Individuals authorized to review Confidential Information under this Protective Order will hold Confidential Information in confidence and will not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

  6. The Party's counsel who discloses Confidential Information will be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and will maintain a list of all persons to whom any Confidential Information is disclosed.

  7. During the pendency of this action, opposing counsel may on court order or agreement of the Parties inspect the list maintained by counsel under paragraph 6 above on a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

  8. No copies of Confidential Information will be made except by or on behalf of counsel in this litigation and such copies will be made and used solely for purposes of this litigation.

  9. During the pendency of this litigation, counsel will retain custody of Confidential Information, and copies made therefrom under paragraph 8 above.

  10. If opposing counsel objects to the designation of certain information as Confidential Information, he will promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel will then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure will be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information will continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

  11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it will not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued on motion by the Party seeking to file the documents under seal or by the Party or non-party from whom records or information was obtained that such Party or non-party designated as "Confidential" and has grounds to seek to have placed under seal. Any motion requesting leave to file documents under seal will comply with the

F.R.Civ.P. and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *Anderson v. Home Insurance Co.*, 924 P.2d 1123 (Colo. App. 1996)).

12. The termination of this action will not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information under this Protective Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. On termination of this litigation, including any appeals, each Party's counsel will immediately return to the producing Party or non-party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom that are not subject to the attorney-client privilege or work product doctrine, or will provide the producing party with an affidavit from the receiving party's counsel confirming that these materials have been destroyed. At that time, counsel will also file under seal with this Court the list of individuals who have received Confidential Information which counsel will have maintained under paragraph 6 in this Protective Order, and counsel will provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed with the exception that each Party's counsel will be permitted to keep one copy for its files of any material subject to the attorney-client privilege or work product doctrine that may contain or reference Confidential Information. However, such copies shall be kept in a confidential manner and the Confidential Information shall retain its confidential status until it is destroyed as part of counsel's regular file retention and destruction process.

15. Nothing in this Protective Order will preclude any Party from filing a motion seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information will be treated at trial.

16. Under no circumstances will such Confidential Information be released to the media in any form and such release shall constitute a material breach of this Agreement.

Dated this 10 day of November, 2009.          BY THE COURT:

                                               _____
                                               U.S. District Court Judge, Richard P. Matsch